## HARWOOD *v.* LA GRANGE *et al.*

*(Supreme Court, General Term, Second Department. December 24, 1891.)*

ATTORNEY AND CLIENT—LIEN FOR COMPENSATION.

An attorney, prosecuting certain actions under an agreement that his fees should be a proportionate share of the recovery, employed counsel, and agreed to divide the fees with him.  The proceeds of the actions were deposited with a trustee, and thereafter the amount of counsel's fee was adjusted by agreement between him and the attorney.  *Held,* in an action by counsel against the attorney and the trustee, that an equitable lien for plaintiff's compensation was impressed upon the trust fund, and that a judgment for the same, as adjusted, effectuated the lien.

Appeal from special term, Kings county.

Action by Grove M. Harwood against Oscar H. La Grange, Oliver P. Buel, Robert G. Ingersoll, and others to establish and enforce a lien for professional services.  The defendant La Grange was employed to conduct several actions, and was to receive a proportionate share of the amount recovered as compensation.  He employed plaintiff as counsel, and agreed to divide the fee received by him between them..  The defendant Buel was employed by plaintiff, and was to be paid by him.  The actions were settled, and the amount paid on such settlement was deposited with the defendant Ingersoll as trustee.  Subsequently the plaintiff and defendants La Grange and Buel agreed upon and adjusted the amounts to be received by each out of the fund so deposited.  On trial by the court without a jury, judgment was rendered for plaintiff and defendant Buel for the amounts as adjusted.  From the judgment defendant La Grange appeals.  Affirmed.

Argued before DYKMAN and PRATT, JJ.

*Oscar H. La Grange, in pro. per.*, (*Charles Strauss* and *Wm. Tharp*, of counsel,) for appellant. *William Smith* and *O. P. Buel, in pro. per.*, (*Grove M. Harwood*, of counsel,) for respondent.

DYKMAN, J. We cannot yield assent to the argument of the appellant on this appeal; on the contrary, we find all the findings of fact made by the trial judge sustained by sufficient proof, and upon such findings the decision does ample justice to all the parties. The agreement for a contingent fee was sufficient to impress an equitable lien upon the fund, and the judgment effectuates the lien, and enforces it. The pleadings in the action are voluminous, and the facts are numerous, and the findings of the trial judge are lengthy and numerous. They have all received careful attention and examination, but it seems unnecessary in this opinion to go over them in detail, as we concur in the findings and judgment. We find no error in the record, and the judgment should be affirmed, with costs.